## Case No. 3,687.

### DAY v. NEW ENGLAND CAR CO.

[3 Blatchf. 179.][1]

Circuit Court, S. D. New York. May Term, 1854.

PATENTS—ACTION AT LAW FOR INFRINGEMENT—SPECIAL PLEAS.

1. Where, in an action on the case for the infringement of letters patent, brought by an assignee of the patentee, the defendant, with the general issue, without any notice of special matter, pleaded special pleas, not impeaching the validity of the patent, or denying the use by him of the patented invention, but setting up a license under the patentee paramount to the right of the plaintiff: *Held*, that the special pleas were well pleaded, and could not be stricken out on motion.

[Cited in Hubbell v. De Land, 14 Fed. 473.]

2. It seems, that the supreme court of the United States has decided, that in an action at law for the infringement of a patent, a defendant is not limited to the plea of the general issue, even if his defence rests on matters which he may, under section 15 of the act of July 4, 1836 (5 Stat. 123), give in evidence under the general issue, but that he may plead those matters specially.

3. The case of Wilder v. Gayler [Case No. 17,649] questioned, as being in conflict with Evans v. Eaton, 3 Wheat. [16 U. S.] 454, and with Grant v. Raymond, 6 Pet. [31 U. S.] 218.

This was an action on the case [by Horace H. Day against the New England Car-Spring Company] for the infringement of letters patent granted to Edwin M. Chaffee, on the 31st of August, 1836, and extended for seven years from the 31st of August, 1850. On the 1st of July, 1853, the patentee assigned the entire patent to the plaintiff. The defendants interposed a plea of not guilty, without any notice of special matter, and also four special pleas in bar.

The first special plea counted upon a contract in writing, for the assignment of the expected extension of the patent, entered into between the patentee and one Charles Goodyear, on the 23d of May, 1850, and before the assignment of the patent to the plaintiff, by which it was stipulated, that the patent, when extended, should be assigned to Goodyear, upon the terms therein stated; and the plea averred that the defendants used the patented improvement, with the license and permission of Goodyear, at the times in the declaration mentioned.

The second special plea averred the making of the above-mentioned contract by the patentee with Goodyear, and also that, before the assignment to the plaintiff, and on the 5th of September, 1850, the patentee made a contract in writing, in respect to the extended patent, with one William Judson, which contract was set forth in the plea; and that, on the 12th of November, 1851, the patentee made another contract in writing with Judson, in relation to the extended patent, and before the assignment thereof to the plaintiff, which contract was also set forth in the plea;

[1] Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

and that both of those contracts were recorded in the patent office before such assignment to the plaintiff was made. It then averred the use of the patented discovery by the defendants, by the license and permission of Goodyear and Judson.

The third special plea counted upon the written agreements between the patentee and Judson, before referred to, and set them forth, and averred that the defendants used the improvements of the patentee with the license and permission of Judson.

The fourth special plea counted upon the contract before referred to, entered into on the 23d of May, 1850, between the patentee and Goodyear, and set forth, and averred that, by means thereof, the assignment of the patent to the plaintiff was wholly inoperative and void.

The plaintiff obtained an order for the defendants to show cause why the special pleas should not be stricken out, upon the ground that the matters therein contained might be given in evidence under the general issue.

Edwin W. Stoughton and Nathaniel Richardson, for plaintiff.

James T. Brady, for defendants.

BETTS, District Judge. It is probably true, as a general proposition, that, in actions on the case, the defendant may plead specially many matters which he might give in evidence under the general issue (1 Chit. Pl. 489; Gould, Pl. pp. 333, 334, §§ 55, 56; Steph. Pl. pp. 226–229), particularly when color is given for pleading more than the general issue (Steph. Pl. pp. 415, 416). Without, however, discussing the point upon the general doctrines of the common law applicable to pleading, this court is bound to administer its proceedings in conformity to the principles laid down, in regard to this form of action, by the supreme court of the United States. And that court has explicitly declared, in Evans v. Eaton, 3 Wheat. [16 U. S.] 454, that in actions at law for the infringement of patent rights, a defendant is not limited, in his defence, to the plea of the general issue allowed by the statute, even if his defence rests upon matters which the statute authorizes to be given in evidence under the general issue, but that he may, at his option, plead those particulars specially. In that case, the court says: "It has been already observed, that the notice is substituted for a special plea; it is farther to be observed, that it is a substitute to which the defendant is not obliged to resort. The notice is to be given only when it is intended to offer the special matter in evidence on the general issue. The defendant is not obliged to pursue this course. He may still plead specially, and then the plea is the only notice which the plaintiff can claim." In Grant v. Raymond, 6 Pet. [31 U. S.] 218, the court repeats the same doctrine. This principle is the fundamental law of pleading in the courts of the United States, in common law actions

for the infringement of patent rights. Phil. Pat. 396, 400; Curt. Pat. §§ 271, 272.

The decision of this court, in Wilder v. Gayler [Case No. 17,649], relied upon by the plaintiff to sanction this motion, if in conflict with that doctrine, must necessarily yield to the paramount authority of the supreme court. The pleas are not set forth in the report of that case, but the remarks of the court would imply, that each one rested on averments tantamount to the defences which the defendant might have made under his general issue, with notice. The pleas were of that character in the subsequent case of Paton v. Rennie [Id. 10,799], in which this court, in September, 1853, ordered the special pleas to be stricken from the record with costs, and it is plain that the court made the order in that case in reproof of the practice of pleading special pleas, when all the matters thereof might be given in evidence under the general issue. In that case, there was no notice with the general issue. Still, there would be difficulty in discriminating those cases, in this court, from the rule laid down by the supreme court, even if the pleas in those cases did amount to the general issue, for that rule leaves it absolutely to the option of the defendant to rely upon the general issue, or to plead specially, although the facts specially pleaded be such as are by the statute permitted to be given in evidence under the general issue; and although the special pleas would thus have no other effect than the general issue with notice. It is true, that the question was not directly raised in those cases, in the supreme court, whether a defendant may plead specially matters amounting to the general issue. But the point is certainly strongly implied, because, both under the 6th section of the act of February 21, 1793 (1 Stat. 322), and under the 15th section of the act of July 4, 1836 (5 Stat. 123), the defendant is allowed to give notice, under the general issue, of facts to be proved, which show that the patentee acquired no title under his patent, which question of title is necessarily a primary and vital point involved in the general issue.

I am not, however, required to disregard the decision in Wilder v. Gayler [supra], in determining this motion, because the special pleas in question cannot, with propriety, be declared to amount to the general issue. They do not deny the facts which constitute the ground of the plaintiff's demand. They propound matters of fact and law, which the defendants aver bar that operation, in favor of the plaintiff's right, which the facts alleged by him might otherwise have. In that manner, the pleas may work the effect of the general issue, as they maintain that, on the facts and law, the plaintiff does not possess the right he claims; and, in that sense, they may be also said to involve the general issue, because, either by permission of the statute, or at common law, the defence made by them might be admissible under the general issue.

Still, as I understand the doctrine laid down by the supreme court, those are instances in which a defendant has his election to rely upon the general issue, or to plead his defences specially.

These pleas are without two cardinal features of the general issue. They do not impeach the validity of the patent, nor do they deny the use of the patented discovery by the defendants. The defendants are estopped, by the pleas, from controverting either of these facts. The defence propounded by them is not inconsistent with those allegations in the declaration. On the contrary, it claims a right in the defendants to continue in the use of the patented discovery, from the fact of a title to such use, derived by them through the patentee; and seeks to avoid the title of the plaintiff, acquired by direct assignment from the patentee, by alleging matters outside of that assignment, which prevent its passing any title to him, either because of the incapacity of the patentee in that respect to make such grant, or because of an outstanding paramount right in others. These implied admissions of the right of the patentee, through whom the plaintiff makes title, are sufficient in law to afford color for the avoidance set forth by the special pleas. This is not the time for the court to pass upon the sufficiency of the pleas to the ends proposed by them. It can legitimately consider only whether that mode of defence is, within the meaning of the rules of pleading, no more than a simple denial of the plaintiff's right of action, and thus amounts to the general issue. The aim of the pleas is to put forth allegations in avoidance of the plaintiff's right, and in justification of the defendants' proceedings. Special pleas may be employed for that purpose, even in actions of assumpsit, as a release (Lawes, Pl. 637); and more particularly in actions of tort, in respect to property admitted to be in the plaintiff, as a license to do the act complained of (1 Chit. Pl. 494).

In my opinion, the pleas in question are authorized by law. The motion on the part of the plaintiff is, therefore, denied; but, as it was countenanced by express decisions of this court on the point of practice, costs are not granted to the defendants.

[NOTE. A subsequent opinion was delivered in this case on questions of law raised at the trial. Case No. 3,688. For opinion upon an application for a provisional injunction, in a suit in equity between the same parties in respect to the same patent, see Case No. 3,686. Other cases involving this patent are enumerated in a note to Day v. Union India-Rubber Co., Case No. 3,601.]